# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-28 |
| | ) | |
| | ) | |
| FNU TANNER, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia,

filed a complaint under Title 42, United States Code, Section 1983. He is proceeding pro se

and *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") requires the Court to screen plaintiff's

complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C.

§ 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v.

Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof,

that is frivolous or malicious or that fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915A. For the reasons that follow, the Court recommends that plaintiff's

complaint be **DISMISSED**.

### I. BACKGROUND

In his complaint, plaintiff alleges that he visited defendant, a doctor, on March 26,

2006, for an eye exam. He alleges that, during the visit, defendant rubbed his leg and made other gestures of a sexually suggestive nature toward plaintiff. When plaintiff asked defendant what he was doing, defendant allegedly responded, "This is how we do it at Wheeler." According to plaintiff's complaint, he did not file a grievance raising these allegations.

## II. DISCUSSION

### A. Exhaustion

Title 42, United States Code, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(c)(1) further provides that the Court shall dismiss any action brought under Section 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the PLRA, Section 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and

2

effective,' before filing those claims in federal court.  The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998).  The Court no longer has discretion to waive the exhaustion requirement.  Id. at 1325.  Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520 (2002).

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with prison staff, the administrative remedies procedure commences with the filing of an informal grievance.   The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance.  SOP IIB05-0001 § VI(B)(12)-(13).  If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance.  Id. § VI(C)(2).  Once the formal grievance is given to the counselor, the Warden has thirty (30) calendar days to respond.  Id. § VI(C)(14).  If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond.  Id. § VI(D)(2),(5).

In this case, it is apparent from the face of plaintiff's complaint that he did not avail

3

himself of his administrative remedies prior to filing this civil action.  Accordingly, his complaint should be dismissed for failure to exhaust those remedies.

### B. Constitutional Injury

Plaintiff's claims may alternatively be denied because it does not appear that he has alleged an injury of constitutional magnitude.  Relief under Section 1983 generally requires that a plaintiff show a physical injury or imminent threat of a physical injury; a plaintiff may not recover under Section 1983 for mental or emotional injury.  42 U.S.C. 1997e(e)  ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury).  Inasmuch as plaintiff has not alleged a physical injury or threat of physical injury resulting from the conditions of his confinement, the Court does not find that he has stated a viable claim for relief under Section 1983.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust his administrative remedies and has otherwise failed to state a ground on which Section 1983 relief may be granted.  His complaint should accordingly be **DISMISSED** and this civil action should be **CLOSED**.

4

SO REPORTED AND RECOMMENDED this 5th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE